Ervin **MIDDLETON**, Jr.; Ann Gates Middleton, Plaintiffs-Appellants,

v.

**GUARANTEED RATE, INC.; Wells Fargo Bank, NA, DBA Wells Fargo Home Mortgage, Inc., Defendants-Appellees.**

No. 16-15151

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2017 *

Filed March 23, 2017

Ervin Middleton, Jr., Pro Se

Michael D. Rawlins, Esquire, Attorney, Bradley Slighting, Attorney, Durham Jones & Pinegar, Las Vegas, NV, for Defendant-Appellee Guaranteed Rate, Inc.

Kelly Harrison Dove, Esquire, Attorney, Snell & Wilmer, LLP, Las Vegas, NV, Daniel S. Ivie, Attorney, Houser & Allison, APC, Las Vegas, NV, Amy F. Sorenson, Attorney, Snell & Wilmer LLP, Salt Lake City, UT, for Defendant-Appellee Wells Fargo Bank, NA

Before: LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## MEMORANDUM **

Ervin and Ann Middleton appeal pro se from the district court's order denying their second motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

In their opening brief, the Middletons fail to challenge the district court's order denying their second motion for reconsideration, and they have therefore waived any such challenge. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived."); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant....").

The filing of the second motion for reconsideration did not toll the time to appeal the underlying judgment. *See Swimmer v. IRS*, 811 F.2d 1343, 1344-45 (9th Cir. 1987), *abrogated on other grounds by Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir. 1997). Thus, we do not consider the Middletons' contentions re-garding the merits of the district court's order dismissing their action, or the district court's order denying their first motion for reconsideration, because the Middletons failed to file a timely notice of appeal as to those orders. *See* Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days of judgment); *Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 703 (9th Cir. 2007) ("A timely notice of appeal is a non-waivable jurisdictional requirement."); *Swimmer*, 811 F2.d at 1344-45.

The Middletons' request for judicial notice, set forth in their reply brief, is denied.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.